UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CTG, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-254-G |
| | ) |
| **TRI-STATE INSURANCE COMPANY** | ) |
| **OF MINNESOTA et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff CTG, LLC's Motion to Remand (Doc. No. 3). Defendant Tri-State Insurance Company of Minnesota ("Tri-State") has responded in opposition to the Motion (Doc. No. 11), and Plaintiff has replied (Doc. No. 12). Defendant Spruce Land, LLC ("Spruce Land") has not responded to Plaintiff's Motion. Based on the case record, the parties' arguments, and the governing law, the Motion is GRANTED.

*I. Background*

Plaintiff initially filed this action on May 25, 2023, in the District Court of Stephens County, Oklahoma, seeking damages from Defendants Tri-State and Spruce Land under Oklahoma law. Plaintiff alleges that it operates a grocery store ("Goodner's Grocery") at a location rented from Defendant Spruce Land. *See* Pet. (Doc. No. 1-3) at 2. Plaintiff alleges that on September 20, 2022, the store was damaged in a fire and that Plaintiff submitted a resulting claim to its insurer, Defendant Tri-State. *See id.*

Plaintiff asserts a claim for "Breach of Contract" against Defendant Tri-State, alleging that Tri-State breached the insurance contract by failing to properly investigate,

evaluate, and pay the claim upon Plaintiff's request. *See id.* at 1-3. Plaintiff asserts a claim for "Breach of Implied Duty of Good Faith and Fair Dealing" against Defendant Spruce Land, alleging that Spruce Land failed to comply with its restoration obligations under its lease agreement with Plaintiff despite having knowledge of the fire. *See id.* at 3.

On March 11, 2024, Defendant Tri-State removed the action to this Court on the basis of diversity jurisdiction and the doctrine of fraudulent joinder, contending that Defendant Spruce Land (which, like Plaintiff, is a citizen of Oklahoma) was fraudulently named as a defendant to defeat diversity. *See* Notice of Removal (Doc. No. 1). Plaintiff then filed its Motion to Remand, alleging that complete diversity does not exist between it and the defendants and that the doctrine of fraudulent joinder does not apply to permit removal in this case.

II. *Standards of Decision*

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, a defendant may remove the action "to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Here, Defendant Tri-State invokes 28 U.S.C. § 1332(a), which prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in

2

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). It is undisputed that the $75,000 amount in controversy requirement is met here. *See* Pet. at 3, 4. What is disputed is whether there is complete diversity among the parties. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) (recognizing that § 1332(a) requires complete diversity among the parties—i.e., "the citizenship of all defendants must be different from the citizenship of all plaintiffs").

Nominally, there is not complete diversity. There is diversity between Plaintiff (an Oklahoma citizen) and Defendant Tri-State (an Iowa citizen), but Defendant Spruce Land, like Plaintiff, is an Oklahoma citizen. *See* Pet. ¶¶ 1.01-1.03. Citing this evident jurisdictional deficiency, Plaintiff seeks remand of this case to the state court. *See* Pl.'s Mot. to Remand at 8-9; 28 U.S.C. § 1447(c). Defendant Tri-State argues, however, that there is complete diversity because the nondiverse defendant, Spruce Land, was fraudulently joined and its citizenship must be disregarded in applying § 1332(a). *See* Notice of Removal at 2-5; Def.'s Resp. at 4-7.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (alteration and internal

quotation marks omitted); *see also Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014).

Where, as here, removal is premised on the second basis, the removing party must demonstrate "[t]he non-liability of the defendant[] alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"— must be resolved in favor of remand. *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988.

III.  *Discussion*

Citing the pleading allegations, Defendant Tri-State argues that Plaintiff cannot establish a tort claim for breach of an implied duty of good faith and fair dealing against Defendant Spruce Land. *See* Notice of Removal at 4; Pet. ¶¶ 2.01-2.07.

"Under Oklahoma law, '[e]very contract . . . contains an implied duty of good faith and fair dealing.'" *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 998-99 (10th Cir. 2008) (alteration and omission in original) (quoting *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87

4

P.3d 559, 561 (Okla. 2004)).  Oklahoma courts have recognized a tort claim for breach of the duty of good faith and fair dealing—sometimes called a "bad faith" tort claim—when there is a "special relationship" between the parties, such as that between an insurer and insured.  *See Embry v. Innovative Aftermarket Sys. L.P.*, 247 P.3d 1158, 1160 (Okla. 2010) (explaining that "tort liability for bad faith . . . depends upon the existence of a 'special relationship' under a contract").  Defendant Tri-State argues, and Plaintiff does not dispute, that the landlord-tenant relationship between Plaintiff and Defendant Spruce Land does not give rise to that type of "special relationship," meaning that Plaintiff cannot assert a bad faith tort claim against Defendant Spruce Land.  *See* Def.'s Resp. at 4-7.

Plaintiff contends, however, that despite the "Breach of Implied Duty" label applied by the pleading, Plaintiff is seeking relief against Defendant Spruce Land for breach of the parties' lease agreement on a contract-based theory of liability.  *See* Pl.'s Mot. to Remand at 10-12; Pl.'s Reply at 3.  In support, Plaintiff points to authority supporting the proposition that, because under Oklahoma law a covenant of good faith and fair dealing is implied in every contract, a party that breaches this obligation may be liable for breach of contract.  *See* Pl.'s Mot. to Remand at 10 (citing *First Nat'l Bank & Tr. Co. of Vinita v. Kissee*, 859 P.2d 502, 509 (Okla. 1993); *Pan. Processes, S.A. v. Cities Serv. Co.*, 796 P.2d 276, 289 (Okla. 1990)).

It is not clear why Plaintiff identified its claim against Defendant Tri-State as one for "Breach of Contract" but its claim against Defendant Spruce Land as one for "Breach of Implied Duty of Good Faith and Fair Dealing" if, as represented to this Court, Plaintiff intends to pursue claims for breach of contract against both defendants.  *Compare* Pet. at

5

1, *with id.* at 3.  But Defendant Tri-State does not argue, and the Court does not conclude, that Plaintiff is unable to establish an actionable breach-of-contract cause of action against Defendant Spruce Land based on a breach of the implied duty of good faith and fair dealing.  *Cf.* Pet. ¶ 2.05 (alleging that Spruce Land failed and refused to comply with a specific provision of the Lease Agreement).  In addition, the Court considers the pleading as a whole and must resolve all disputed factual questions and all legal ambiguities in favor of remand.  *See Montano*, 2000 WL 525592, at *2; *Dutcher*, 733 F.3d at 988; *Smoot*, 378 F.2d at 882.

Accordingly, it cannot be said that Plaintiff has no possibility of recovery against the nondiverse defendant, Defendant Spruce Land.  Thus, Spruce Land's inclusion as a party does not constitute fraudulent joinder, and remand is required.

## CONCLUSION

Plaintiff CTG, LLC's Motion to Remand (Doc. No. 3) therefore is GRANTED.

The Court REMANDS this matter to the District Court of Stephens County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 31st day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge